**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **FREDERICK TORRENCE,** ) | |
|      **Plaintiff** ) | |
| ) | |
| **vs.** ) | **C.A.No. 07-331 Erie** |
| ) | **District Judge Cohill** |
| **SHELLEY LEE THOMPSON, et al.** ) | **Chief Magistrate Judge Baxter** |
|      **Defendants** ) | |


---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I        RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss, or in the alternative,

for summary judgment [Document # 34] be granted, while the Plaintiff's motion for summary

judgment [Document # 45] be denied.  The Clerk of Courts should be directed to close this case.


**II       REPORT**

    **A.       Relevant History**

Plaintiff, acting *pro se*, originally brought this civil rights action against Defendants

Shelly Lee Thompson, Records Supervisor; Jeffrey Beard, Secretary of Corrections; Raymond

Sobina, Superintendent; Vickie Sabella; Carrie Everett; Ms. Satterlee; Deb Woodward; C.

Kennedy; and Paula Toski.  Plaintiff seeks only monetary relief.  Document # 7.  Generally,

Plaintiff alleges that Defendants Beard, Sobina, and Thompson conspired in various ways to

extend his maximum sentence and that Defendants Sabella, Everett, Satterlee, Woodard,

Kennedy and Toski violated Plaintiff's right to access the courts.  Id.

Defendants have filed a motion to dismiss or for summary judgment [Document # 34]

and Plaintiff has filed a motion for summary judgment [Document # 45].  Both parties have filed

1

opposition briefs to the pending motions.  The issues are fully briefed and this motion is ripe for disposition by this Court.

**B.     Standards of Review**

1)     *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521(1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

2)     **Motion to dismiss pursuant to Rule 12(b)(6)**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will

2

prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 3) Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

4

**C.      Defendants' motion to dismiss or for summary judgment**

Defendants argue that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act.  See Document # 35, at III (C); Document # 43, page 2.[1]

**1)      The Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional Facility until such *administrative remedies as are available* are exhausted.

Id. (italics added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002).  See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative exhaustion must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992).  Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies.  Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2]  The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow.  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought,"

---

[1]  Defendants also argue that Plaintiff's claim relating to his sentence is barred by Heck v. Humphrey [512 U.S. 447 (1994)] and its progeny and that Plaintiff has failed to state a claim of access to courts under Lewis v. Casey, 518 U.S. 343 (1996).  Document # 35.  Because Plaintiff has failed to exhaust his administrative remedies, this Court need not address these other bases for the pending motion.

[2]  Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction.  Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 206 (3d Cir. 2002) <u>citing</u> <u>Nyhuis</u>, 204 F.3d at 78.

A plaintiff need not affirmatively plead exhaustion. <u>Jones v. Bock</u>, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); <u>Ray v. Kertes</u>, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. <u>Id.</u>

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. <u>Woodford v. Ngo</u>, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." <u>Id.</u> at 2382. <u>See</u> <u>also</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

**2.       The Administrative Process Available to State Inmates**

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of

detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." <u>Jones v. Bock</u>, ___ U.S. at ___, 127 S.Ct. at 922-23.

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. <u>See</u> <u>Booth v. Churner</u>, 206 F.3d 289, 293 n.2 (3d Cir. 1997), <u>aff'd</u>. 532 U.S. 731 (2001).


### 3.    Exhaustion Applied

Defendants have provided evidence that Plaintiff has not exhausted his administrative remedies in regards to any of the issues involved in this case. Document # 35; Document # 34-3, page 28, Affidavit of Dorina Varner. In fact, since Plaintiff's arrival at SCI-Forest, he has not fully exhausted any single grievance. <u>Id.</u>

In his Opposition Brief, Plaintiff has not provided evidence to the contrary, but instead argues that because he is seeking only monetary damages, as opposed to parole (in other words, habeas relief), he need not exhaust. Plaintiff claims that this case "is the (1983) part of a properly filed mixed petition." Document # 39. Plaintiff misunderstands the law in this regard. The exhaustion doctrine of habeas is not the equivalent of the exhaustion requirement of the Prison Litigation Reform Act; they are distinct legal requirements. While the exhaustion doctrine of habeas corpus law applies only to habeas actions, the PLRA exhaustion requirement

applies to civil rights actions.[3]

Plaintiff's failure to exhaust his administrative remedies in relation to his civil rights claims under § 1983 is fatal to his case and the motion to dismiss should be granted.

### D. Plaintiff's Motion for Summary Judgment

Plaintiff has filed a motion for summary judgment arguing that judgment should be granted in his favor as a matter of law. Document # 45. Plaintiff argues that he has established that his constitutional rights have been violated by Defendants.

Plaintiff's motion for summary judgment should be denied in light of the foregoing analysis regarding his failure to exhaust his administrative remedies in accordance with the PLRA.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that it is respectfully recommended that Defendants' motion to dismiss, or in the alternative, for summary judgment [Document # 34] be granted, while the Plaintiff's motion for summary judgment [Document # 45] be denied. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187(3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: October 6, 2008

---

[3] Plaintiff has filed a petition for writ of habeas corpus in the U.S. District Court for the Eastern District of Pennsylvania, raising issues similar to those raised in the instant civil rights action. See Civil Action 2:07-2360.